UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**GLENN D. ODOM et al.**                                                                                    **PLAINTIFFS**

**v.**                                                                  **CIVIL ACTION NO. 5:21-CV-P109-TBR**

**SKYLA GRIEF et al.**                                                                                     **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

*Pro se* Plaintiffs Glenn D. Odom and Christopher A. Nuckols, both inmates at the Kentucky State Penitentiary (KSP), initiated this 42 U.S.C. § 1983 action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, the Court will dismiss this action and deny Plaintiff Nuckols's motion for a temporary restraining order and a preliminary injunction (DN 4).

### I. SUMMARY OF CLAIMS

Plaintiffs name as Defendants the Kentucky Parole Board and the following KSP employees: Skyla Grief, Scott Jordan, Laura Plappert, Alex Hearell, Marshall Peek, Jill Robertson, and Stacey Gibson. Plaintiff Nuckols alleges that he is a convicted sex offender, and as such, he must complete the Sexual Offender Treatment Program (SOTP). He explains that he is serving a twenty-year sentence "at eighty-five percent" and was eligible for parole and scheduled to see the parole board in July 2020. He states that, beginning in 2017, he repeatedly asked to be transferred to a facility that has a SOTP class which he could complete before his July 2020 parole hearing. According to Plaintiff Nuckols, only the Kentucky State Reformatory, the Northpoint Training Center, and the Luther Luckett Correctional Complex offer the SOTP class.

Plaintiff Nuckols alleges that he was transferred to KSP on May 30, 2018, where he "incessantly explained about his July 2020 parole hearing." He alleges that Defendant Grief told him she felt the SOTP class would be a waste of time for him because he likely would not complete it. After he complained more, Plaintiff Nuckols states that Defendants Grief, Robertson, Peek, Gibson, and Hearell told him that he would need six months of clear conduct to be transferred for a SOTP class. Plaintiff Nuckols recites further instances in which he was given conflicting and allegedly false information about prerequisites to being transferred for a SOTP class. He states that he complained of what he perceived as unfair treatment, which, according to Plaintiff Nuckols, included being put in for a transfer to the Northpoint Training Center even though he could not be housed there because he is a "max custody" inmate.

Plaintiff Nuckols alleges that he was never transferred and never allowed to see the parole board, which has resulted in him having to serve the remainder of his sentence "day-for-day" in violation of the Fourteenth Amendment. He states that he has now been put in for a transfer to the two facilities at which he could be housed and which offer SOTP classes; however, he will not be able to complete the SOTP class before his sentence expires. He alleges that he will have to spend "years to complete the SOTP class" once he is released.

Plaintiff Odom's allegations are as follows. He states that he began helping Plaintiff Nuckols, who was housed in the next cell, in 2018 by helping him to file complaints and motions for preliminary injunction/temporary restraining (PI/TRO) orders regarding Plaintiff Nuckols having being denied the opportunity to participate in a SOTP class. Plaintiff Odom alleges that as a result he suffered retaliation by being restricted in filing grievances, not being given case cites to help Plaintiff Nuckols, being denied legal copies, and having a "sec. 1983 for Nuckols confiscated." Plaintiff Odom was moved from KSP but returned in December 2020 and began

helping Plaintiff Nuckols again regarding a transfer to participate in a SOTP class. Plaintiff Odom alleges:

> Odom's legal documents were then held from him from Dec. 2020 until March 31th 2021 with tiny amounts being censored – then taken to Odom – once every 2 or 3 weeks (A copy of Nuckols first state civil complaint with attachments was removed from Odom's property and never allowed to be filed). Skyla Grief ordered said denial of Odom's legal documents[.]

Plaintiff Odom states that he is suing only Defendant Grief in her individual capacity.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A. Plaintiff Nuckols's claims

Plaintiff Nuckols alleges that not being transferred to an appropriate institution where he could enroll in a SOTP class resulted in his being denied parole and having to serve every day of his twenty-year sentence.

In Kentucky, "parole is not a right but a privilege." *Stewart v. Commonwealth*, 153 S.W.3d 789, 793 (Ky. 2005). "Without an entitlement to parole under Kentucky law, [there is] no federal constitutional claim." *Bartley v. Adams*, No. 19-5067, 2020 WL 371446, at *1 (6th Cir. Jan. 7, 2020). Because Plaintiff Nuckols has "neither a constitutional or inherent right to parole nor a protected liberty interest created by mandatory state parole laws, he cannot maintain a § 1983 claim based upon the alleged denial of placement in a sex offender treatment program for parole eligibility purposes." *Saunders v. Williams*, 89 F. App'x 923, 924 (6th Cir. 2003) (affirming dismissal for failure to state a claim of due process and equal protection claims stemming from denial of access to sex offender treatment program); *Mosley v. McClemore*, No. CIV. A. 309CV-P91-H, 2009 WL 2020390, at *6 (W.D. Ky. July 8, 2009) (finding that plaintiff's constitutional rights were not violated by being terminated from SOTP class).

Accordingly, Plaintiff Nuckols's claims will be dismissed for failure to state a claim upon which relief may be granted.

*B. Plaintiff Odom's claims*

Plaintiff Odom's claims involve not being allowed to help Plaintiff Nuckols with his § 1983 claim and suffering retaliation for trying to help him.

The Sixth Circuit has held that prisoners or prison inmate legal aides have no constitutional right to assist other prisoners with their legal matters. *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). However, although "there is technically no independent right to assist" other inmates with their legal matters, "prison officials may not prevent such assistance or retaliate for providing such assistance where no reasonable alternatives are available" to the inmate in need of legal help. *Id*.

Here, Plaintiff Odom has not alleged a claim as to being prevented to act as Plaintiff Nuckols's "jailhouse lawyer" because he does not allege any facts to suggest that Plaintiff Nuckols was incapable of filing his own claims and had no one else to help him. Even if Plaintiff Nuckols had been unable to file his claims without Plaintiff Odom's help, because a prisoner's right to assist another prisoner is entirely dependent on the other prisoner's right of access to the courts, Plaintiff Odom would have to allege that Plaintiff Nuckols's access to the courts was prejudiced without his help. *Id*. However, to establish a claim for violation of the right to access the courts require a showing that a defendant obstructed a prisoner plaintiff's "efforts to pursue a non-frivolous legal claim regarding his conviction or conditions of confinement." *Clark v. Watson*, No. 1:14-CV-322-CLC-WBC, 2015 WL 4068034, at *2 (E.D. Tenn. July 2, 2015) (citing *Lewis v. Casey*, 518 U.S. 343, 351 (1996)). As explained above, Plaintiff Nuckols has no meritorious constitutional claim to access to a SOTP class or the parole board.

Nor has Plaintiff Odom stated a claim for retaliation. Retaliation based upon a prisoner's exercise of his constitutional rights violates the Constitution. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) "there is a causal connection between elements one and two-that is, the adverse action was motivated, at least in part, by the plaintiff's protected conduct." *Id*.

Plaintiff Odom fails to allege that he was engaged in protected conduct. Plaintiff Odom has no independent right to provide legal help, and Plaintiff Nuckols has no meritorious right to access the courts regarding being denied participation in SOTP or parole. *See Isbell v. Crissman*,

5

No. 4:18CV1738, 2018 WL 6433553, at *2 (N.D. Ohio Dec. 7, 2018) (finding Plaintiff failed to show he was engaged in protected conduct because there is no right for an inmate to be "a jailhouse lawyer or to act in a representative capacity for another inmate. . . . Plaintiff can only state a claim for retaliation if his assistance was necessary for [another inmate] to exercise his right of access to the courts").

Because Plaintiff Odom was not engaged in protected conduct in pursuing § 1983 claims on behalf of Plaintiff Nuckols, he cannot state a retaliation claim. *Thaddeus-X,* 175 F.3d at 395 ("Absent protected conduct, plaintiffs cannot establish a constitutional violation."). Plaintiff Odom's claims will be dismissed for failure to state a claim upon which relief may be granted.

### III. MOTION FOR TRO AND PI

Finally, the Court turns to Plaintiff Nuckols's motion for a temporary restraining order and a preliminary injunction (DN 4), which asks for the Court to order his immediate release so that he can enroll in a community-based SOTP class or to order Defendants to transfer him immediately to a SOTP facility. Because the Court is dismissing this action, Plaintiff is not entitled to the relief requested in this motion. Thus, **IT IS HEREBY ORDERED** that the motion (DN 4) is **DENIED**.

The Court will enter a separate Order dismissing this action consistent with this Memorandum Opinion and Order.

Date: December 14, 2021

Thomas B. Russell, Senior Judge
United States District Court

cc: Plaintiffs, *pro se*
Defendants
General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.009